**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VICKI LEE PERSON-LITTRELL,**

**Plaintiff,**

**-vs-** **Case No. 6:11-cv-852-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

---

# MEMORANDUM OF DECISION

Vicki Lee Person-Littrell (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for benefits. Doc. No. 1. Claimant argues that the final decision of the Commissioner should be reversed and remanded for an award of benefits or for further proceedings because the Administrative Law Judge (the "ALJ") erred by: 1) determining Claimant had the ability to perform a full range of light work when the consultative examining physician's opinion, which the ALJ relied upon and gave great to in determining Claimant's residual functional capacity ("RFC"), stated that Claimant could perform less than a full range of light work; 2) failing to provide good cause for giving the opinion of Claimant's treating surgeon little weight; 3) failing to re-contact Claimant's treating surgeon; 4) mischaracterizing and misconstruing portions of Claimant's testimony; and 5) failing to consider the side-effects of Claimant's medications. Doc. No. 12 at 14-25. For the reasons set forth below, the final decision of the Commissioner is

**REVERSED and REMANDED** for further proceedings because the ALJ's decision lacks substantial evidence supporting his finding that Claimant can perform a full range of light work.

## I. BACKGROUND.

On June 23, 2008, Claimant filed an application for benefits alleging an onset of disability as of June 7, 2006. R. 53-54, 87-94. Claimant alleges disability due to injuries and impairments sustained post motor vehicle accident on June 7, 2006. R. 11. Specifically, Claimant alleges disability due to a crushed foot, memory problems, depression, headaches, and back pain. R. 55, 66, 109, 136. Claimant's application was denied initially and upon reconsideration. R. 53-54. Thereafter, Claimant requested a hearing before an ALJ and, on July 9, 2009, a hearing was held before ALJ M. Dwight Evans. R. 5-25, 69.

On September 14, 2009, the ALJ issued a decision finding Claimant not disabled. R. 41-51. In the decision, the ALJ determined that Claimant retains the residual functional capacity (the "RFC") to "perform the full range of light work." R. 46. In making that determination, the ALJ gave "great weight" to the opinion of Dr. Homi S. Cooper, M.D., a consultative examining physician. R. 51.[1] The ALJ stated:

> As for the opinion evidence, on August 27, 2008, consultative examiner, Dr. Cooper opined that the [C]laimant can stand/walk for 5 [hours] in an 8 hour work day; can sit for 6 hours in an 8 hour work day, can lift and or carry up to 10 pounds and occasionally up to 20 to 25 pounds. The doctor also opined that she has no postural limitations with bending, stooping, crouching, or crawling. He further opined that she has no manipulative limitations, and no relevant visual, communicative or work place environmental limitations. Dr. Cooper also noted that the [C]laimant uses no assistive devices and needs none on a medical basis. The [ALJ] gives great weight to the opinion of Dr. Cooper because it is supported by his report, as well as the objective

[1] There is no dispute between the parties regarding the ALJ's characterization of Dr. Cooper's opinion and, therefore, for reasons of judicial efficiency it is not separately discussed in the factual background. *See* R. 456-61.

> medical evidence of record as a whole.

R. 51 (emphasis added). Thus, the ALJ gave "great weight" to the opinions of Dr. Cooper, including the opinion that Claimant can stand and/or walk for 5 hours in and 8 hour workday because "it is supported by his report, as well as the objective medical evidence of record as a whole." R. 51.

The ALJ also gave "little weight" to a separate portion of Dr. Cooper's opinion. R. 51. The ALJ stated:

> On the other hand, Dr. Cooper opined that the [C]laimant would have no difficulties with work-related mental activities involving understanding and memory, sustained concentration and persistence, social interaction or adaptation. The [ALJ] considered the[se] opinion[s] of Dr. Cooper, but gives [them] little weight because [these opinions] appear[ ] to rest at least in part on an assessment of an impairment(s) outside the doctor's area of expertise.

R. 51. Thus, the ALJ specifically described those portions of Dr. Cooper's opinion in which the ALJ disagreed and stated with particularity the reasons therefor. R. 51.

The ALJ also discussed the opinions of the non-examining physicians who opined that Claimant could perform medium work. R. 51. The ALJ stated that he "does not fully agree with the opinions because additional medical evidence describing the [C]laimant's continued symptoms indicates that the [C]laimant is not capable of performing medium level work activity. However, the undersigned does agree that the [C]laimant is capable of performing a full range of light level substantial work activity. . . ." R. 51. Thus, the ALJ rejected the non-examining physician's opinions that Claimant can perform medium work.

The ALJ did not receive evidence from a vocation expert regarding Claimant's past-relevant work or whether any other work exists in the national economy that Claimant can

perform. Instead, based on the ALJ's RFC that Claimant can perform a full range of light work, at step-four, the ALJ determined that Claimant can perform her past relevant work as a Head Bank Teller or Bank Teller because it is classified as skilled light work by the Dictionary of Occupational Titles. R. 52. Accordingly, the ALJ found Claimant not disabled.

## II. ANALYSIS.

As set forth above, Claimant raises five issues on appeal. *See* Doc. No. 12 at 14-24. However, the Court finds that the first issue raised by Claimant, whether the ALJ's RFC is supported by substantial evidence is dispositive of the case. The ALJ found that Claimant has the RFC for a full range of light work. R. 45. Pursuant to Social Security Rule 83-10 ("SSR 83-10"), "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." *Id*. (emphasis added). Dr. Cooper's opinion, which the ALJ gave "great weight" and relied upon in determining his RFC, specifically limited the Claimant to standing and/or walking 5 hours in an 8-hour day, which is less than the requirements of SSR 83-10 for a finding of a full range of light work. *See* R. 51, 461 ("She can stand and walk for 5 out of 8 hours per day, at least at a slow pace."). Thus, the ALJ's RFC for a full range of light work is inconsistent with Dr. Cooper's opinion, which is for less than a full range of light work.

The ALJ's RFC is also inconsistent with the ALJ's reasons for giving Dr. Cooper's opinion great weight. The ALJ stated that Dr. Cooper's opinion "is supported by his report, as well as the objective medical evidence of record as a whole." R. 51. If Dr. Cooper's opinion that Claimant is limited to standing and walking for 5 out of 8 hours in a normal workday is supported by the objective medical evidence of record, as the ALJ specifically determined, then

the ALJ's less restrictive RFC cannot logically be supported by the same objective medical evidence.[2] Accordingly, based on the inconsistencies between the ALJ's RFC determination, the opinion evidence relied upon to form it, and SSR 83-10, the Court finds that the final decision of the Commissioner is not supported by substantial evidence.[3]

## III. CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of Section 405(g) for further proceedings;
2. The Clerk is directed to enter judgment in favor of Claimant and to close the case.

**DONE and ORDERED** in Orlando, Florida on August 22, 2012.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

[2] The Commissioner acknowledges that the ALJ's RFC for a full range of light work is inconsistent with Dr. Cooper's opinion, but argues that the ALJ did not err because the ALJ implicitly rejected Dr. Cooper's opinion regarding Claimant's ability to stand and walk. Doc. No. 13 at 7-8. The Commissioner's argument is rejected for two principal reasons. First, it is factually inaccurate. The ALJ specifically gave that portion of Dr. Cooper's opinion "great weight." R. 51. Moreover, the ALJ specifically distinguished between those portions of the opinion the ALJ gave great weight to and those portions which the ALJ gave little weight. R. 51. Second, pursuant to *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178-79 (11th Cir. Jan. 24, 2011), binding case law in the Eleventh Circuit requires that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it <u>and the reasons therefor</u>. *Id*. (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). If the ALJ rejected a portion of Dr. Cooper's opinion he was required to state the reasons with particularity. In other words, under *Winschel*, an ALJ is not permitted to implicitly reject any medical opinion.

[3] Moreover, even if the Court were permitted to construe the ALJ's decision as having found a more limited range of light work than a full range of light work, the final decision would still constitute reversible error because the ALJ did not receive testimony from a vocational expert. *See Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (holding it is only when a claimant can do a full range of light work that it is unnecessary to call a vocational expert to establish whether the claimant can perform work that exists in the national economy). Because the ALJ's error requires remand, it is unnecessary to address the other issues raised by Claimant.

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Bradley K. Boyd, Esq.
Bradley K. Boyd, P.A.
1310 W. Eau Gallie Blvd., Ste D
Maitland, FL 32935


John F. Rudy, III
U.S. Attorney's Office
Suite 3200
400 N. Tampa St.
Tampa, Florida          33602


Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
John C. Stoner, Branch Chief
Dana L. Myers, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia         30303-8920

The Honorable M. Dwight Evans
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing OFC
Ste 1550 New River Ctr
200 E. Las Olas Blvd
Ft. Lauderdale, FL 33301